UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KEITH,<br><br>           Plaintiff,<br><br>     v.<br><br>FRANK A. McGUIRE,<br><br>           Defendant. | No. 2:15-cv-1498-WBS-EFB P<br><br>ORDER GRANTING IFP AND<br>RECOMMENDATION OF DISMISSAL<br>PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.     Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it must be dismissed because plaintiff seeks relief from a defendant who is immune from suit and fails to state a claim for relief.

Plaintiff alleges that the Clerk of the California Supreme Court responded to plaintiff's petition with instructions on how to proceed with documentation, and that after plaintiff complied

2

1  with those instructions, the Clerk informed plaintiff that his petition had been denied, and
2  returned plaintiff's documentation.  ECF No. 1, § IV.  Plaintiff's requested relief is for the court
3  "to do what must be done legally to insure that no one else would suffer what [plaintiff has]
4  suffered and continue to suffer to make sure accountability be brought to the table."  *Id.*, § V.

5     "Court clerks have absolute quasi-judicial immunity from damages for civil rights
6  violations when they perform tasks that are an integral part of the judicial process." *Mullis v.*
7  *United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987), *cert. denied*, 486 U.S.
8  1040 (1988).  This immunity extends to actions for declaratory, injunctive, and other equitable
9  relief.  *Id.* at 1394.  Plaintiff's request for relief, vague as it is, appears to seek some form of
10 equitable relief.  This action must therefore be dismissed pursuant to § 1915A because it seeks
11 relief from a defendant who is immune from suit.

12    Plaintiff does not identify any specific claims for relief and his allegations and are not
13 sufficient to state a cognizable claim for a violation of his federal constitutional rights.  To state a
14 claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right
15 secured by the Constitution or laws of the United States was violated, and (2) that the alleged
16 violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S.
17 42, 48 (1988).

18    Because the deficiencies in plaintiff's claim cannot be cured by further amendment, the
19 complaint is dismissed without leave to amend.  *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th
20 Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is
21 absolutely clear that the deficiencies of the complaint could not be cured by amendment."
22 (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A]
23 district court should grant leave to amend even if no request to amend the pleading was made,
24 unless it determines that the pleading could not be cured by the allegation of other facts.").

25 **IV.   Order and Recommendation**
26    Accordingly, IT IS HEREBY ORDERED that:
27    1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
28 /////

    2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

    Further, IT IS HERBY RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A and the Clerk be directed to close the case.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 20, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE